UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., as agent for Broadcast Music, LLC; HOWE SOUND MUSIC PUBLISHING LLC d/b/a CYPRESS PARK MUSIC; SHOWBILLY MUSIC; TREMONTI STAPP MUSIC; RESERVOIR MEDIA MANAGEMENT, INC. d/b/a RESERVOIR 416 a/k/a RESERVOIR ONE AMERICA; EMI BLACKWOOD MUSIC, INC.; MONTAUK MANTIS PRODUCTIONS; FAME PUBLISHING COMPANY LLC; SOUTHEASTERN PUBLISHING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE IRISH EXIT, INC D/B/A THE OLE IRISH PUB, JAMES BYRNE, and THERESA BYRNE <br><br> Defendants. | CIVIL ACTION NO.: <br><br> **COMPLAINT**   4:25-cv-02940-SAL |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

<u>JURISDICTION AND VENUE</u>

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

60598318 v1

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI, as the attorney-in-fact for Broadcast Music, LLC, has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Howe Sound Music Publishing, LLC is a limited liability company d/b/a Cypress Park Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Showbilly Music is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Tremonti Stapp Music is a partnership. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Reservoir Media Management, Inc. is a corporation d/b/a Reservoir 416 a/k/a Reservoir One America. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Montauk Mantis Productions is a sole proprietorship. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Fame Publishing Company, LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Southeastern Publishing, LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Defendant The Irish Exit, Inc is a corporation organized and existing under the laws of the state of South Carolina, which operates, maintains and controls an establishment known as The Ole Irish Pub, located at 1005 Withers Dr., Myrtle Beach, SC 29577, in this district (the "Establishment").

14. In connection with the operation of the Establishment, Defendant The Irish Exit, Inc publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant The Irish Exit, Inc has a direct financial interest in the Establishment.

16. Defendants James Byrne and Theresa Byrne are officers of Defendant The Irish Exit, Inc with responsibility for the operation and management of that corporation and the Establishment.

17. Defendants James Byrne has the right and ability to supervise the activities of Defendant The Irish Exit, Inc and a direct financial interest in that corporation and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

18. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19. Since May 2022, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the

Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

20. Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

22. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

26. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)    Plaintiffs have such other and further relief as is just and equitable.

Dated: April 7, 2025                               **BURR & FORMAN LLP**

/s/ Bernie W. Ellis
Bernie W. Ellis / Fed. I.D. No. 5650
104 South Main Street
Suite 700
Greenville, SC  29601
Email: bellis@burr.com
Phone: (864) 271-4940

*Attorney(s) for Plaintiffs*